USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _12/07/2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

VALERIE DICKS, on behalf of herself and all          :
others similarly situated,                           :
                                    Plaintiff,        :          22-CV-7597 (VEC)
                -against-                            :
                                                     :               ORDER
                                                     :
BENGALS & BANDITS, LLC,                              :
                                                     :
                                    Defendant.       :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 9, 2022, Plaintiff sued Bengals & Bandits, LLC, alleging that its failure to make its website accessible to visually impaired persons violates the Americans with Disability Act ("ADA"), the New York State Human Rights Law, and the New York City Human Rights Law, Dkt. 4;

WHEREAS Defendant filed an answer to the Complaint on November 1, 2022, *see* Dkt. 12;

WHEREAS to establish constitutional standing, a plaintiff must adequately allege (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576 (1992) (internal quotation marks omitted);

WHEREAS the Court may raise the question of standing *sua sponte* because standing is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction, *see Thompson v. Cnty.*

1

*of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *Cent. States SE & SW Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005);

WHEREAS a plaintiff bringing a claim pursuant to the ADA has standing to sue for injunctive relief if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location," *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013); a plaintiff must plausibly allege "a real and immediate threat of future injury" for his or her complaint to meet the third prong, *Calcano v. Swarovski et al.*, 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted);

WHEREAS in *Calcano*, the Second Circuit held that "Plaintiffs' conclusory, boilerplate allegations" that they were injured by Defendants' failure to accommodate visually impaired plaintiffs "fail to establish standing," *id.* at 71;

WHEREAS the allegations in the Complaint in this action fail adequately to allege standing, as they are at least as conclusory as the allegations in the complaints at issue in *Calcano*;

WHEREAS on November 28, 2022, the Court ordered Plaintiff to move to file an amended complaint that adequately alleges standing or show cause as to why the case should not be dismissed for lack of standing by no later than December 5, 2022, *see* Dkt. 13; and

WHEREAS Plaintiff has not filed a motion to amend the complaint or otherwise responded to the Court's November 28 Order.

IT IS HEREBY ORDERED that this case is DISMISSED without prejudice and without costs.  The Clerk of Court is respectfully directed to terminate all open motions and deadlines and to close this case.

**SO ORDERED.**

**Date:   December 7, 2022**
       **New York, New York**

                                                   **VALERIE CAPRONI**
                                    **United States District Judge**